UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DARRELL W. BUMPAS** ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:17-cv-01102 |
| ] | Judge Trauger |
| **JON DAVID ROGERS, et al.** ] | |
|     Defendants. ] | |

## MEMORANDUM AND ORDER

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, the application is GRANTED. The Clerk shall file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

1

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

On December 1, 2014, the plaintiff hired Bernard McEvoy, a Nashville attorney, to represent him in a criminal matter. Docket Entry No. 1 at 6. Before trial, McEvoy withdrew from the case and refused to refund any of the plaintiff's retainer. Id. Eventually, the plaintiff replaced McEvoy with Jon Rogers, an attorney from Hendersonville. Id. at 7.

Following a bench trial, the plaintiff was found guilty of forgery, theft, criminal simulation and identity theft (2 counts). Id. at 9. The plaintiff asked Rogers to withdraw but Rogers would neither withdraw nor refund part of his retainer. Id. The plaintiff is dissatisfied with the legal representation he received from McEvoy and Rogers and has named both as defendants. He claims that McEvoy assisted the district attorney "in working out a conviction against me." Id. at 6. The plaintiff also claims that Rogers assisted the prosecutor "to work out a conviction(s) against me by just not defending me, or my rights." Id. at 11.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the courts, do not act "under color

of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Counsel, however, are viewed as acting "under color of state law" when they are engaged in a conspiracy with state officials to deprive another of his federal rights. Tower v. Glover, 467 U.S. 914, 920 (1984).

In this regard, the plaintiff has alleged that the defendants "assisted" the prosecutor in obtaining his convictions. That is sufficient to state a colorable claim for relief if the plaintiff has offered factual allegations from which the Court could infer the existence of an actual conspiracy between the defendants and the prosecutor. A conspiracy, though, must be pled with specificity; vague and conclusory allegations that not are supported with material facts are not sufficient to state a § 1983 claim. Farhat v. Jopke, 370 F.3d 580, 599 (6th Cir. 2004).

There are no such allegations in the complaint from which the Court could infer an actual conspiracy between the defendants and the prosecutor. The plaintiff, therefore, has failed to state a claim against the defendants. In the absence of an actionable claim, the Court is obliged to DISMISS the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir.

2013).[1]

The Clerk is directed to send a copy of this order to the Warden of the Northwest Correctional Complex to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

ENTER this 23rd day of August 2017.

_____
Aleta A. Trauger
United States District Judge

---

[1] In a departure from former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal. McGore, at 610.